lacked jurisdiction to address that issue. As for Mr. Wadsworth's argument that the agency's failure to diagnose his condition had precluded him from obtaining life insurance, the Veterans Court concluded that it could not consider that claim because the Board did not make a decision on that issue and because Mr. Wadsworth was seeking relief that the Veterans Court was not authorized to grant. Mr. Wadsworth appealed to this court.

## DISCUSSION

■ Mr. Wadsworth first contends that he should have received a 30% rating for his service-connected disability from the date he left service until his left hand was determined to be included in his disability, and that he should have received a 60% rating from that point until his rating was raised to 70%. To the extent his argument is based on his CUE claim, the Veterans Court correctly held that it lacked jurisdiction to decide that issue. The Veterans Court's jurisdiction is limited to reviewing final decisions of the Board, *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed.Cir. 2000), and the Board did not decide Mr. Wadsworth's CUE claim but instead referred it to the regional office for further development.

■ To the extent Mr. Wadsworth's claim is based on the contention that his pre–1997 claims were not final, the Veterans Court did not decide that issue, but instead remanded it to the Board. That issue is therefore not ripe for decision by this court, to the extent that this court may have jurisdiction over the issue. As a general matter, we review only final decisions of the Veterans Court. *See Allen v. Principi*, 237 F.3d 1368, 1372 (Fed.Cir. 2001). While there are certain exceptions

to that rule, *see Williams v. Principi*, 275 F.3d 1361, 1364 (Fed.Cir.2002), this case does not fit within any of those exceptions. The issue of the finality of Mr. Wadsworth's pre–1997 claims will presumably be resolved on remand. If that resolution is adverse to Mr. Wadsworth, he can then seek review by the Veterans Court.

■ Mr. Wadsworth's second claim is that the agency's failure to provide a diagnosis for his atrophy rendered him unable to purchase individual life or health insurance and that he should be compensated for his loss. Mr. Wadsworth has not pointed to any authority under which the court could order relief of that nature, and we are aware of none. The Veterans Court therefore properly rejected that claim.

For the foregoing reasons, we affirm the decision of the Veterans Court.[1]

**In re William A. KNAUS and Richard D. Marks.**

No. 2009–1581.

United States Court of Appeals, Federal Circuit.

April 27, 2010.

Richard D. Marks, of Mclean, Virginia, argued for appellants. With him on the

---

1. Mr. Wadsworth submitted a motion to strike the government's brief as being untime-

ly filed. That motion is denied.

brief was James Remenick, Remenick PLLC, of Washington, DC.

Frances M. Lynch, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the Director of the United States Patent and Trademark Office. With her on the brief were Raymond T. Chen, Solicitor, and William LaMarca, Associate Solicitor.

NEWMAN, RADER and PROST, Circuit Judges.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

**In re William A. KNAUS and Richard D. Marks.**

No. 2009–1482.

United States Court of Appeals, Federal Circuit.

April 27, 2010.

Richard D. Marks, of Mclean, VA, argued for appellants. With him on the brief were James Remenick and Matthew J. Smith, Remenick PLLC, of Washington, DC.

William LaMarca, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, VA, argued for the Director of the United States Patent and Trademark Office. With him on the brief were Raymond T. Chen, Solicitor, and Frances M. Lynch, Associate Solicitor.

NEWMAN, RADER and PROST, Circuit Judges.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.